**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4334**

———————

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

CONCEPCION GARCIA-URIBE,

                                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. William L. Osteen, District
Judge. (CR-04-160)

———————

Submitted: March 29, 2006          Decided: May 26, 2006

———————

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

T. O. Stokes, III, Greensboro, North Carolina, for Appellant. Anna
Mills Wagoner, United States Attorney, Sandra J. Hairston,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant Concepcion Garcia-Uribe pled guilty pursuant to a written plea agreement to one count of violating 21 U.S.C. § 841(a)(1), possession with intent to distribute more than five kilograms of a mixture and substance containing a detectable amount of cocaine. Garcia-Uribe also agreed in his plea agreement that the quantity of drugs attributable to him was "at least 50 kilograms, but less than 150 kilograms." Defense counsel agreed at the sentencing hearing that the applicable sentencing guidelines range was 135 to 168 months, and Garcia-Uribe does not dispute that range on appeal. His counsel's only claim on appeal is that the court's 160-month sentence was too high.[*] We affirm.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the federal sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence post-Booker, however, sentencing courts are still required to calculate and to consider the federal sentencing guidelines range and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id.

---

[*]While we grant Garcia-Uribe's motion to file a pro se supplemental brief and have considered the issues raised therein, we find his attack on his sentence meritless. We also find he fails to meet the high burden necessary to raise ineffective assistance of counsel on appeal. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (noting ineffective assistance of counsel claims are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance).

This court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range.  Id. at 546-47; see also United States v. Green, 436 F.3d 449 (4th Cir. 2006) (discussing extent to which sentencing court is guided by the guidelines and meaning of appellate review for "unreasonableness").

The district court stated at sentencing that it "entered this prison sentence after giving consideration to the Sentencing Guidelines as they exist in a recommendatory condition.  The Court has also considered 3553 under Title 18 in arriving at this decision, which it believes to be a reasonable sentence."  (JA 19). Because the district court's sentencing did not violate Booker and because the sentence was within an unchallenged sentencing guidelines range, we conclude Garcia-Uribe's 160-month sentence was reasonable.  We therefore affirm his sentence.  We dispense with oral argument because the facts and legal contentions of the parties are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED